UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET F. LOCKHART,

    Plaintiff,

v.    Case No.:  2:22-cv-473-SPC-KCD

GREYHOUND LINES, INC. and
SABREANA HAMM,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Margaret Lockhart's Motion to Remand to State Court. (Doc. 33.)[1] Defendant Greyhound Lines Inc. responded (Doc. 35), making this matter ripe. For the reasons below, Lockhart's motion is granted.

## I. Background

Lockhart, a Florida citizen, sued Greyhound after she slipped and fell on one of its buses. (Doc. 3.) Then Greyhound, a Texas corporation, removed the case to federal court under diversity jurisdiction. (Doc. 1-1.) The parties began discovery and Lockhart moved to amend her complaint according to Fed. R.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Civ. P. 15. (Doc. 30.) Greyhound did not respond, so the Court considered the motion unopposed and granted it. (Doc. 31.)

The amendment added a new defendant: Greyhound bus driver Sabreana Hamm, who Lockhart claimed was personally negligent. (Doc. 32.) Lockhart now moves to remand the case to state court, pointing out that Hamm's status as a Florida resident destroys diversity. (Doc. 33.) Greyhound opposes remand and claims Lockhart fraudulently joined Hamm as a defendant merely to defeat diversity jurisdiction. (Doc. 35.)

## II. Legal Standard

Federal district courts have subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332. A case originally filed in state court may be removed to federal court when the requirements of § 1332 are satisfied. *See* 28 U.S.C. § 1441(a). But this type of subject matter jurisdiction, "as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). And "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

## III. Discussion

The Court starts with some common ground. It is undisputed that jurisdiction existed under § 1332 at the time of removal—the parties were diverse and the amount is controversy was unchallenged. The parties also agree that complete diversity was destroyed when Lockhart made Hamm an adverse party. (Doc. 33 at 2, Doc. 35 at 3.) This leaves a narrow question in dispute: whether remand is required because of the addition of Hamm, a nondiverse defendant.

Lockhart claims the Court need not reach any of Greyhound's arguments against remand. (Doc. 33; Doc. 40.) She relies on *Ingram v. CSX Transp., Inc.*, where the Eleventh Circuit said:

> The district court had no discretion to add the [nondiverse] defendant, retain jurisdiction and decide the case on the merits. Indeed, section 1447(e)'s legislative history indicates that Congress rejected a proposal that would have allowed district courts to join certain nondiverse parties and still decide the merits of the dispute.

146 F.3d 858, 862 (11th Cir. 1998). Thus, according to Lockhart, when faced with a motion to amend that would destroy diversity the Court faces a "binary choice" to either deny joinder or permit joinder and remand. (Doc. 40 at 1.) And because the Court already permitted joinder and added Hamm, it now has no choice but to remand. (*Id.*)

3

Lockhart is right that the Court cannot consider the merits of this case after adding Hamm. But she is wrong that remand is "automatic." (*Id.*) For example, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. More applicable to the present case though, "when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009); *Allstate Indem. Ins. Co. v. LG Elecs. USA, Inc.*, No. 2:21-CV-00942-KOB, 2022 WL 16702793, at *2 (N.D. Ala. Nov. 3, 2022); *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1279 (N.D. Ala. 2002). That happened here. Lockhart did not tell the Court that her amendment would destroy diversity. (*See* Doc. 30.) And now that the Court has "discovered the joinder defeated diversity jurisdiction, [it] ha[s] discretionary authority to reconsider and reverse its previous joinder decision." *Bailey*, 563 F.3d at 307.[2] Put simply, remand is not obligatory on these facts.

---

[2] Such authority is important to avoid the "untenable" result of a plaintiff using her right to amend under Rule 15(a) to force a remand. *See Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1328 (S.D. Fla. 2017). While Lockhart amended her complaint with the Court's permission and not as a matter of course, the same principle applies.

Lockhart's argument for an automatic remand is ultimately academic. As discussed below, the Court finds remand appropriate even accepting Greyhound can challenge Hamm's joinder.

Greyhound first claims Lockhart fraudulently joined Hamm merely to defeat diversity and return to state court. (Doc. 35 at 3.) This would be an exception to the complete diversity requirement: "When a plaintiff names a nondiverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the nondiverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). As an initial matter, the time to make this argument has seemingly passed. *Ibis Villas at Miami Gardens Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.,* 799 F. Supp. 2d 1333, 1337, n. 1 (S.D. Fla. 2011) ("The fraudulent joinder doctrine . . . is not the applicable standard on the joinder of a nondiverse defendant *after* removal." (emphasis added)). But regardless of timing, Greyhound loses on the merits.

Three scenarios amount to fraudulent joinder. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* And third, "where a diverse

5

defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* Greyhound argues only the first scenario. (Doc. 35 at 7.)

The governing standard, as Greyhound admits (*id.* at 5-6), imposes a heavy burden. The removing party must prove by clear and convincing evidence that there is no possible claim against the resident defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). This standard does not require that the plaintiff have a winning case against the allegedly fraudulent defendant; "he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis added). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.*

Greyhound loses under this framework. As mentioned, Lockhart sues Hamm for negligence while working for Greyhound. Under Florida law, "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005). But to establish liability against an officer or agent, "the complaining party must allege and prove that [she] owed a duty to

6

the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* Naturally, "a defendant's failure to act in circumstances in which a reasonable person would have acted can be evidence of such active negligence." *Krobatsch v. Target Corp.*, No. 20-81552-CIV, 2020 WL 6375175, at *2 (S.D. Fla. Oct. 30, 2020).

Lockhart claims Hamm, an agent of Greyhound as its bus driver, was personally responsible for her injuries. She alleges Hamm "owed [her] a duty to use reasonable care in maintaining the passenger area of the bus on which she carried passengers" (Doc. 32. ¶ 17), knew or should have known about the hazardous condition (*Id.* ¶ 19), breached her duty by failing to identify or fix the problem (*Id.* ¶ 18), and injured Lockhart through this breach (*Id.* ¶ 20). Put simply, Lockhart claims Hamm knew of the spill where she fell and didn't clean it up. (*See* Doc. 30 ¶ 1.) This states a possible claim against Hamm. *See Santacruz v. Target Corp.*, No. 8:09-CV-1565-T-33MAP, 2009 WL 10670466 (M.D. Fla. Oct. 16, 2009) (remanding when, as here, the plaintiff alleged that the company employee "was responsible for maintaining the store floor and doorway and that he negligently failed to do so, resulting in Plaintiffs' injury"). Greyhound complains the allegations against Hamm are too similar to those made against the company. (Doc. 35 at 7.) But this is unpersuasive and hardly surprising given the claims arise from the same incident and Greyhound's liability is vicarious.

7

Greyhound's second argument against remand is somewhat more fitting than the first, but still late and unpersuasive. Greyhound claims the factors laid out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) weigh against joining Hamm as a defendant. (Doc. 35 at 13.) The *Hensgens* test is used where the court is "faced with an amended pleading naming a new nondiverse defendant in a removed case." 833 F.2d at 1182. As mentioned, Hamm has already been added as a nondiverse defendant. The bus has thus left the station, so to speak.

In any event, the *Hensgens* test does not take Greyhound where it wants to go. As explained by the Eleventh Circuit:

> In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction.

*Dever v. Fam. Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (citing *Hensgens*, 833 F.2d at 1182). The district court has "broad discretion" in weighing these factors. *Id.*

"As to the first factor, in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885 (11th Cir. 2020). Here, Lockhart knew of the bus driver before removal and only sought to add her afterward. But Lockhart had good reason for this approach—she didn't know the bus driver's name when the case was removed. (Doc. 30 at 2.) Only Greyhound had the driver's identity, and, without it, Lockhart could not validly add Hamm to the state court action. *See Gilliam v. Smart*, 809 So. 2d 905 (Fla. Dist. Ct. App. 2002). Certainly, Lockhart could have joined Hamm as a defendant while in state court once she learned her name. As Greyhound admits, however, the parties had not yet begun discovery in earnest when the case was removed. (Doc. 35 at 14.) Once discovery started in federal court and Greyhound shared Hamm's name, Lockhart sought to join her. (Doc. 30 at 2.) Given this background, the first factor does not suggest fraudulent joinder.

As for the second factor, "[a] plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson*, 818 F. App'x at 886. As stated, Lockhart had good reason for waiting to join Hamm. While she knew a bus driver was involved,

9

she could not have known that person was Hamm until engaging in discovery. (Doc. 30 at 2.) But before discovery could occur, Greyhound removed the case to federal court. (*Id.*) Soon after, Lockhart asked Greyhound for the driver's name. (*Id.*) And less than two weeks after Greyhound answered, Lockhart sought to make Hamm a party. (*Id.*) Such a tight timeline shows Lockhart was diligent, not dilatory. *Cf. Hickerson*, 818 F. App'x at 886 (finding plaintiffs dilatory when they were aware of defendant's role over two years before filing the complaint); *Andreasen*, 276 F. Supp. 3d at 1330 (finding plaintiff dilatory when he was aware of the defendant's role at inception of the lawsuit and up to eight years beforehand).

Third, the Court considers whether Lockhart would be significantly injured if amendment were not allowed. She asserts litigating claims against both defendants in separate forums would be such an injury. (Doc. 40 at 5.) But the Eleventh Circuit has said otherwise. *Hickerson*, 818 F. App'x at 886 ("Being made to litigate against [a nondiverse defendant] in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—such that this factor weighs in the plaintiffs' favor."). And nothing indicates Hamm is an indispensable party or that Greyhound alone cannot make Lockhart whole. (Doc. 35 at 15.) Thus, this factor weighs against Lockhart.

As for the fourth, catch-all factor, Greyhound drives no other arguments except for fraudulent joinder, which is dealt with at length above. At bottom, then, this is not a case where Lockhart got to federal court only to add Hamm to avoid the forum. By all accounts Lockhart intended to sue Hamm and did so when her identity was disclosed. The Court is thus satisfied that Lockhart's conduct passes muster under *Hensgens*.

One last issue. "An order remanding the case may require payment of just costs and any actual expenses, included attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award fees is discretionary and should turn on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the parties were diverse at the time of removal. Thus, Greyhound had an objectively reasonable basis for removal. Requiring it to pay Lockhart's fees and costs would be unjust.

Accordingly, it is **ORDERED**:[3]

1. Plaintiff's Motion to Remand (Doc. 33) is **GRANTED**;

2. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case back to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Lee County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

3. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

**ENTERED** in Fort Myers, Florida this January 11, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

---

[3] Because a motion to remand does not address the merits of the case but merely changes the forum, the Court finds it is a non-dispositive matter that does not require a report and recommendation. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).